In the Matter of the Estate of MAY MALLAM, Deceased. GERTRUDE ORTLIEB, Individually and as Executrix of MAY MALLAM, Deceased, Appellant; GRACE KELLY, et al., as Executors of ELIZABETH KEFER, Deceased, et al., Respondents.

No opinion. Brennan, Acting P. J., Rabin, Benjamin and Munder, JJ., concur; Hopkins, J., dissents and votes to modify the decree by reversing so much thereof as adjudges that the legacy of one third of the residuary estate bequeathed to William Wendall Beiser has lapsed and passes to the distributees of the testatrix as in intestacy, and to provide instead that the said legacy passes through the residuary clause, and as so modified, to affirm the decree, with the following memorandum: The decedent's will distributed her estate to named friends. She bequeathed a specific pecuniary legacy to William Wendall Beiser, who predeceased her. She also bequeathed one third of her residuary estate each to Beiser and two other friends (who were also the beneficiaries of specific legacies). The residuary clause directed the disposition of the remainder of her estate "of which I may die seized or possessed, or in which I may have any interest or over which I may have any power of appointment or testamentary disposition, including any lapsed legacies". The Surrogate, following *Wright* v. *Wright* (225 N. Y. 329), held that there can be no residue

of a residue, and that Beiser's share of the residuary estate passes in intestacy. I would construe the will to hold that Beiser's share passes to the two surviving residuary legatees. The rule which prohibits the formation of a residue of a residue in a will gives way to the intent of the testator as found in the body of the instrument (*Matter of Dammann*, 12 N Y 2d 500, 504), whether expressed by affirmative language or by clear inference (p. 507). Our guide in construction is the dominant purpose (*Matter of Fabbri*, 2 N Y 2d 236, 240), and that dominant purpose may be deduced, even by implication, from the will (*Matter of Thall*, 18 N Y 2d 186, 192). The dominant purpose of the testatrix here is manifest. She bequeaths her entire estate, by specific and residuary legacies, to her friends; and in the residuary clause unmistakeably directs that everything she owns, including lapsed legacies, shall be divided between her friend Beiser and her other two friends. Her distributees are excluded from her will; and the implication is clear that she has no intent to benefit them. Under these circumstances, to say that her distributees shall now benefit because of the death of Beiser before that of the testatrix ignores her intent and makes the rule in *Wright* absolute. The *Wright* rule will no longer be viable after September 1, 1967, since the Legislature has adopted the recommendation of the Temporary State Commission on the Law of Estates that it be abolished (L. 1967, ch. 472). The comments of the commission appended to the bill that the rule is " a reflex of the early common law predisposition to channel estates of decedents to heirs, and seemingly inconsistent with the reasonably presumable intention of the testator to make a total testamentary disposition of his estate " is strikingly applicable to the result reached by the construction of the will below. The public policy embodied in the statute (cf. *Matter of Steinberg* v. *Steinberg*, 18 N Y 2d 492, 497–498) signals caution, even in cases under review before its effective date, in employing the rule absolutely and without regard to the fairly inferred intent of the will. I am of the opinion, therefore, that the rule should not be applied here, and that the lapsed share should pass by the residuary clause.